UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Paul Wrobel
   Chairman, Board of Trustees of
   Executive Sources

      v.                                              Civil No. 12-cv-379-PB

Marilyn L. Maughan, et al


O R D E R

By filing dated October 9, 2012, Paul Wrobel filed a civil action on behalf of an entity identified as "Executive Sources."   Upon an initial review of the pleadings, it is unclear as to whether the entity "Executive Sources" is a corporation, LLC, partnership, trust, DBA, or some other corporate form.   This information is important because federal case law, and this court's local rules, permit lay representation ("pro se representation") in limited circumstances.   See LR 83.6.   Thus, on or before fourteen (14) days from the date of this order, the plaintiff shall identify the proper form of the entity "Executive Solutions," specifically indicating whether that organization is a corporation, LLC, partnership, trust (if so, whether Mr. Wrobel is the sole trustee), DBA, or some other corporate form, including Mr. Wrobel's titles and/or roles related to that organization.   If "Executive Solutions" is a corporation, LLC, or partnership, Mr. Wrobel shall also contemporaneously file a corporate disclosure statement as required by Fed. R. Civ. P. 7.1 and LR 7.5.

1

The court notes that Mr. Wrobel also filed portions of his complaint in paper and supplemented his paper filings with electronic exhibits on a thumb drive.  Court rules mandate that a pro se party file all pleadings in paper format unless that party has filed a motion for permission to submit documents in electronic format.  AP 2.1(d).  Additionally, many of the documents were submitted on legal sized paper and did not have an original signature.  Court rules mandate that all paper filings be submitted in 8 1/2 x 11 inch paper (LR 5.1) and have an original signature (Fed. R. Civ. P. 11(a)).  Finally, while the plaintiff's submission included a request to seal the case, it did not comply with various of the requirements of LR 83.11.  While the court recognizes that self-representation is difficult, the plaintiff must understanding that pro se litigants are required to comply with the court's rules and procedures going forward.

      SO ORDERED.

                                                /s/ Daniel J. Lynch
                                                Daniel J. Lynch
                                                United States Magistrate Judge

October 10, 2012

cc:   Paul Wrobel