UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Paul Wrobel et al.

   v.                                             Civil No. 12-cv-379-PB

Marilynn L. Maughan, Tax Collector,
Town of Effingham, New Hampshire, et al.[1]


**REPORT AND RECOMMENDATION**

Plaintiff, Executive Sources, by and through Paul Wrobel, appearing without counsel, has filed a complaint (doc. no. 1) and a "Special Motion for Magistrate Judge Hearing Entire Case Sealed" (doc. no. 2). Pending ruling on the motion to seal, the filings and orders in this case have been placed provisionally under seal. See United States District Court District of New Hampshire Local Rule ("LR") 83.11(c).

**Motion to Seal (Doc. No. 2)**

The complaint filed in this matter is dense and convoluted, but after careful review of the pleadings, it appears that

---

[1] The complaint lists Executive Sources as the plaintiff, and Paul Wrobel as its agent. Defendants are the Town of Effingham Tax Collector Marilynn L. Maughan, and Town of Effingham Selectmen Henry Spencer, Theresa Swanick, and Susan Slack.

Wrobel, on behalf of Executive Sources,[2] has filed this action against the tax collector and selectmen of Effingham, New Hampshire, complaining, in short, that the defendants are improperly seeking to collect taxes and/or file a tax lien on property in Effingham owned by Executive Sources.

Wrobel seeks to seal all of the proceedings in this case because: "[Wrobel] perceives, that in order to avoid any unnecessary breach of trust the appearance of any co-mingling by anybody of this special, private and proprietary information written within this certain private Contract and Declaration is to be strictly avoided and is forbidden." Wrobel states that trust-owned property is in danger of "imminent severe" harm by the defendants, and requests that this court conduct a factual investigation in this matter. Aside from a general assertion of the trust's interests, and the threat of unspecified harm, none of plaintiff's filings state what "special, private and proprietary information," might be at risk, or how any harm might result, if this matter is not sealed.

---

[2] Paul Wrobel has asserted that he appears here on behalf of Executive Sources, which he describes as an "irrevocable business trust organization," in his capacity as the Special Executive Trustee of that entity. See Doc. No. 4 (Motion for In Camera Hearing).

"There is a well-established common-law presumption of public access to judicial documents." Dahl v. Bain Capital Partners, LLC, No. 07-12388-EFH, 2012 WL 4045194, at *1 (D. Mass. Sept. 14, 2012) (citing FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987)). "The presumption of access extends, in the first instance, to materials on which a court relies in determining the litigants' substantive rights." Dahl, 2012 WL 4045194 at *2 (internal quotation marks omitted) (citing FTC, 830 F.2d at 408). The presumption of public accessibility applies to civil complaints. See Dahl, 2012 WL 4045194 at *2 (citing Siedle v. Putnam Invs., Inc., 147 F.3d 7, 9-10 (1st Cir. 1998) (applying the presumption to a complaint)).

In considering a request to overcome the presumption of public access to a document, the court balances the public's right of access to judicial documents against the competing private interests at stake in a particular case. See Dahl, 2012 WL 4045194 at *1. "Only the most compelling reasons can justify nondisclosure of judicial records." FTC, 830 F.2d at 410 (internal quotation marks and citation omitted). The party seeking to seal documents bears the burden of persuasion. See id.

Wrobel's general statements of impending danger are insufficient to demonstrate that plaintiff has a "compelling" interest in sealing the proceedings.  See Dahl, 2012 WL 4045194 at *2 (citation omitted).  Plaintiff has therefore failed to meet its burden to persuade the court that its private interest in sealing all of the proceedings in this matter outweighs the public's presumptive right of access to court filings and proceedings.  Accordingly, the motion to seal (doc. no. 2) should be denied.

### Pro Se Status

Because Wrobel is not an attorney admitted to the bar of this court, he cannot represent anyone other than himself in an action before this court.  See LR 83.6(b) ("A pro se party may not authorize another person who is not a member of the bar of this court to appear on his or her behalf.  This includes . . . any . . . party on the same side who is not represented by an attorney."); LR 83.2(d).  The local rules of this court do not allow Wrobel to represent a trust, unless he is its sole beneficiary.  See LR 83.6(c).  The complaint does not allege that Wrobel is the sole beneficiary of Executive Sources.

As set forth below, the court should grant plaintiff leave to refile this matter.  If Wrobel seeks to refile this action

without counsel, the court should direct that the refiled complaint state either that Wrobel is representing himself individually, and is not representing the interests of the trust entity, or that he is the sole beneficiary of the Executive Sources trust.  See 28 U.S.C. § 1654; LR 83.2(d); LR 83.6(c). If neither of those circumstances apply, Executive Sources should be allowed to proceed in this action only if it is represented by an attorney admitted to the bar of this court. See LR 83.6(c).

## Conclusion

For the foregoing reasons, the court recommends that the motion to seal (doc. no. 2) be denied, and further recommends that the court issue the following order:

>    1.   Pursuant to LR 83.11(c), the Clerk's office is directed to return all of plaintiff's original filings in this matter (doc. nos. 1, 2 and 4), remove the docket entries for those filings from the court's electronic docket, and then unseal what remains in this case.  To preserve the integrity of the record, the Clerk's office shall maintain a copy of each document returned to plaintiff in a manner not available to the public.
>
>    2.   Plaintiff has submitted a thumb drive as an exhibit to his complaint that will be returned to the plaintiff, pursuant to this order.  The Clerk's office will not maintain a copy of any data on the thumb drive.  Pursuant to Rule 2.1(d) of Appendix A to this court's local rules, pro se parties must file all

pleadings and exhibits in paper format unless permission is otherwise granted by the court.

3.   Plaintiff may, within thirty days of the date of this order, refile a complaint in this matter.  If appropriate, that complaint may be accompanied by a motion to seal that provides both specific reasons to seal the complaint (or any part thereof), and facts to demonstrate that plaintiff's interest in a seal outweighs the public right of access to judicial proceedings.

4.   Any complaint or other document filed by Executive Sources in this case must be filed by an attorney admitted to the Bar of this court, unless Wrobel demonstrates either that he is representing himself, and is not appearing on behalf of Executive Sources in a representative capacity, or that he is the sole beneficiary of the Executive Sources trust, and may thus appear on behalf of the trust without an attorney.

5.   On October 30, 2012, the court issued an order (doc. no. 6) directing plaintiff to identify the nature of "Executive Sources" by November 13, 2012.  That order is vacated, subject to reinstatement should plaintiff refile a complaint that does not comply with the directives contained in that order.

6.   If plaintiff fails to refile a complaint that complies with this order, the court may dismiss this action without prejudice.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch.

<u>Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                                         _____

                                                                         Landya B. McCafferty
                                                                        United States Magistrate Judge

Date: November 8, 2012

cc:   Paul Wrobel, pro se

LBM:jba