UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Executive Sources et al.[1]

   v.                                   Civil No. 12-cv-379-PB

Marilynn L. Maughan, Tax Collector,
Town of Effingham, New Hampshire, et al.[2]

**REPORT AND RECOMMENDATION**

     Before the court is a complaint (doc. no. 12), filed by plaintiff Executive Sources, by and through its Special Executive Trustee, Paul Wrobel, appearing without counsel, and a motion asking the court to hear the case ex parte and under seal (doc. no. 13).[3] These documents have been provisionally sealed pending the court's ruling on the motion to seal.

---

[1] The complaint names Executive Sources, a trust identified as a "business trust organization" in the complaint, as the plaintiff, and Paul Wrobel as its agent.

[2] Defendants are the Town of Effingham Tax Collector Marilynn L. Maughan and Henry Spencer, Theresa Swanick, and Susan Slack, members of the Town Select Board.

[3] On November 13, 2012, plaintiff attached exhibits (doc. no. 8) to the original pleadings filed in the case. These original documents were inadvertently not returned to plaintiff with his other original documents pursuant to the November 27, 2012 order (doc. no. 11). The exhibits have remained in the court's possession, but not on the public docket. The newly filed complaint (doc. no. 12) and motion to seal (doc. no. 13) reference the previously filed exhibits. Accordingly, at this time, the Clerk's office is directed to redocket the exhibits (doc. no. 8) as exhibits to the newly filed complaint (doc. no. 12), and to provisionally seal the newly docketed exhibits.

## Background

Executive Sources, by and through its Special Executive Trustee Paul Wrobel, filed its original complaint (doc. no. 1) on October 9, 2012, along with a motion to have the entire case conducted ex parte and under seal (doc. no. 2).  On November 27, 2012, the court issued an order (doc. no. 11) denying the motion to seal, directing the clerk's office to return plaintiff's filings, and granting plaintiff leave to refile the complaint as a public document or with a motion to seal, specifying why a seal was required.  Plaintiff was further directed that any new complaint must either be filed by counsel or explain the basis upon which Wrobel could appear pro se on behalf of the plaintiff trust.  Plaintiff responded to the order by filing a new complaint (doc. no. 12) and motion to seal (doc. no. 13).

## Motion to Seal

In its November 27 order, the court stated that, should plaintiff seek to seal a newly filed complaint, the motion to seal should "provide[] both specific reasons to seal the complaint (or any part thereof), and facts to demonstrate that plaintiff's interest in a seal outweighs the public right of access to judicial proceedings."  Doc. No. 11.  Plaintiff's present motion fails to satisfy those requirements.

Plaintiff reasserts here the reasons set forth in the initial motion to seal, which have already been rejected by the court.  To support the instant motion to seal, plaintiff now argues that the plaintiff trust: cannot be forced to provide information that could be used against it; has a Fourth Amendment right not to be subject to search and seizure; and has due process rights.  These assertions neither demonstrate facts nor raise any colorable legal argument supporting a need for a seal.  Further, the motion fails to make any mention of the public's interest in access to judicial proceedings or any reason why the plaintiff trust's interest in a seal outweighs the right of the public to access to judicial proceedings.  For these reasons, the motion to seal should be denied.

Pursuant to Local Rule ("LR") 83.11(c) of the United States District Court District of New Hampshire Local Rules, when the court denies a motion to seal, "any materials tendered under provisional seal will be returned to the movant."  Pursuant to LR 83.11(c), if this recommendation to deny the motion to seal is adopted by the district judge, the clerk's office must return the original documents to Wrobel, specifically: the complaint (doc. no. 12); the motion to seal (doc. no. 13); and the exhibits to the original complaint that are to be redocketed as exhibits to this complaint (doc. no. 8).

**Pro Se Status**

The new complaint (doc. no. 12) has been filed by Wrobel, who states that he is acting on behalf of the plaintiff trust, and not on his own behalf. As previously explained in an order issued October 15, 2012 (doc. no. 3), and in a report and recommendation issued November 9, 2012 (doc. no. 7), Wrobel, a non-lawyer, cannot represent a trust, unless he is its sole beneficiary. See LR 83.6; see also 28 U.S.C. § 1654 (parties can plead and conduct "their own cases" in federal court). Wrobel, in his pleadings, affirmatively states that he is not the sole beneficiary of the plaintiff trust. Further, Wrobel states that he is neither the owner of, nor has any entitlement to, the property that is the subject of the suit here, as the trust owns the property.

Wrobel has submitted a document as an exhibit to the complaint that purports to be a contract between the trust and Wrobel, appointing Wrobel "Special Executive Trustee" for the purpose of pursuing the instant action on behalf of the trust. That document states that Wrobel may not hire or consult with an attorney admitted to the bar of any state or federal court, in connection with the filing and prosecution of this action. Wrobel cites this provision in his effort to show why he should be allowed to appear without counsel on the trust's behalf. A

4

private agreement between Wrobel and the trust, however, does not supersede federal law and the rules of procedure regarding the requirement that a trust with multiple beneficiaries appear only through counsel.  In a similar context, federal courts generally disapprove "'any circumvention of the rule [requiring corporations to appear with counsel] by the procedural device of an assignment of the corporation's claims to the lay individual.'"  Lupowitz, Inc. v. Eclipse Holdings, Inc., 108 F.3d 1370, *1 (2d Cir. 1997) (unpublished table decision) (citation omitted).

The court finds that Wrobel has failed to comply with the court's instruction either to obtain counsel to represent him in this matter or to demonstrate that he is entitled to pursue this matter without counsel.  As plaintiff has not availed himself of the opportunity to proceed with counsel, and cannot proceed in this matter pro se, this action should be dismissed.  The dismissal should be without prejudice to the filing of a new action by an attorney admitted to the bar of this court.

### Conclusion

For the foregoing reasons, the court recommends that this action be dismissed without prejudice to plaintiff bringing a new action filed by an attorney admitted to the bar of this court.  Further, the motion to seal (doc. no. 13) should be

denied, and the Clerk's office directed to return the original documents numbered 8, 12, and 13 in the docket.  Further, to preserve the integrity of the record, the Clerk's office should be directed to maintain a copy of each document returned to plaintiff in a manner not available to the public.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya B. McCafferty
United States Magistrate Judge

February 11, 2013

cc: Paul Wrobel, pro se

LBM:jba